IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. SCHOTT, personal representative of the Estate of John C. Schott, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 03-350 |
| v. | ) ) | Judge McVerry |
| | ) | Magistrate Judge Caiazza |
| WESTMORELAND REGIONAL HOSPITAL and JAMES MILLWARD, M.D., | ) ) ) ) ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I.   RECOMMENDATION

For the reasons that follow, the District Court should deny the remaining Defendants' Motion for Summary Judgment (Doc. 67) and dismiss this case without prejudice to refiling in state court.

#### II.   REPORT

On December 14, 2005, and with the Plaintiff's consent, the District Court granted summary judgment in favor of all Defendants save the ones listed above in the caption. *See* Order (Doc. 85); *see also* Pl. counsel's ltr. dated August 29, 2005 (filed as Doc. 84) (contemplating entry of "consent order"). With the dismissal of the aforementioned Defendants went the Plaintiff's federal question claims. *See generally* Am. Compl. (Doc. 26) at ¶ 9 (indicating that court had jurisdiction over

now-dismissed Defendants under 28 U.S.C. § 1331).

The case proceeds only with state law claims, under the rubric of supplemental jurisdiction. *See id.* at ¶ 10 (stating court has jurisdiction over remaining Defendants under 28 U.S.C. § 1367(a)); *see also* Defs.' Summ. J. Br. (Doc. 68) at 3-4 (indicating that claims against Dr. Millward and Westmoreland Regional Hospital are based solely on Pennsylvania statute) (citations omitted); Pl.'s Mem. in Opp'n (Doc. 82) (same).

The Third Circuit Court has directed that, "where the claim[s] over which the district court has original jurisdiction [are] dismissed before trial, the district court <u>must decline</u> to decide the pendent state [law] claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citation omitted, emphasis added). "<u>[E]xtraordinary circumstances</u>" are required to overcome the "ordinar[y rule of] refrain[ing to] exercis[e] pendent jurisdiction over the state law claims." *See* <u>Bright v. Westmoreland County</u>, 380 F.3d 729, 751 (3d Cir. 2004) (citations, internal quotations and alterations omitted, emphasis added). No such circumstances are evident here.

Regarding judicial economy, the undersigned sees little potential for savings in connection with the remaining claims. Thus far, the court's participation has consisted of largely routine administrative activities, and very little of substance has been done. The only time the merits were reached was when the District Court adopted a previous seven-page Report and Recommendation denying various Motions to Dismiss. *See* Docs. 34 & 36. The analysis regarding Dr. Millward and the Hospital, which spanned little more than a page, applied hornbook law to conclude that the notice pleading standards had been met. *See generally* Doc. 34 at 2-3. The substance and details of the Plaintiff's allegations were not examined. *See id.*

Under the circumstances, the court has not gained the type of familiarity that other jurists have found to justify the retention of supplemental jurisdiction. *See, e.g.*, Levert v. Philadelphia Int'l Records, 2005 WL 2271862, *2 (E.D. Pa. Sept. 16, 2005) (highlighting court's "familiarity with the complex factual history"). Nor is there any reason to believe that the parties' previous efforts will go to waste; they essentially can pick up in state court where they left off here. *Cf. generally* parties' summary judgment papers (revealing that discovery has been completed). And while one or more of the parties may prefer to proceed immediately, this desire does not an "extraordinary circumstance[]" make.

Finally, the Pennsylvania courts are more familiar with the state statutes in question, and they have at least some interest in the interpretation and application of the same.  *See* Diaz-Ferrante v. Rendell, 1998 WL 195683, *5-6 (E.D. Pa. Mar. 30, 1998) (declining to exercise supplemental jurisdiction over "a claim with which the state court [would have] more familiarity"); Cook v. Deloitte & Touche, LLP, 2005 WL 2429422, *17 (S.D.N.Y. Sept. 30, 2005) (same where plaintiff's ability to recover turned "on state court interpretations of [state] statutes").

For these reasons, the District Court should decline to exercise supplemental jurisdiction and dismiss this case without prejudice to refiling in state court.[1]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this report and recommendation are due by January 27, 2006.

---

[1] In light of the court's discretionary power to decline supplemental jurisdiction, the *sua sponte* ruling standards are not implicated.  In any event, notice and opportunity to respond may be had through the objections process.  *See, e.g.*, United States v. Lee, 1998 WL 292388, *2 (10th Cir. May 28, 1998) (objections to report and recommendation provided party "ample opportunity to respond" to recommended *sua sponte* ruling).  The undersigned also notes that the Plaintiff's refiling in state court should not create any statute of limitations issues.  *See generally* Hedges, 204 F.3d at 123 ("section 1367(d) tolls the statute of limitations," and "the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court") (citations and internal quotations omitted).

Responses to objections are due by February 6, 2006.


January 11, 2006                             _____
                                             Francis X. Caiazza
cc:                                          U.S. Magistrate Judge

Thomas B. Anderson, Esq.
Thomson, Rhodes & Cowie
1010 Two Chatham Center
Pittsburgh, PA  15219

Vincent A. Coppola, Esq.
Pribanic & Pribanic
513 Court Place, First Floor
Pittsburgh, PA  15219